**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RICK BEARD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-0378-M |
| ) | |
| SIDNEY THOMPSON, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is an unspecified civil action brought by a *pro se* litigant

    Parties: Plaintiff resides in Fort Worth, Texas. Defendant Sidney Thompson is a justice of the peace in Fort Worth, Texas. The Court has neither issued process nor determined whether Plaintiff should proceed *in forma pauperis*.[1]

    Findings and Conclusions: 28 U.S.C. § 1391(b), which governs venue of a federal cause of action, provides in pertinent part as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same

---

[1] Plaintiff's affidavit filed on April 3, 2008, raises a substantial question with respect to whether he is financially unable to pay the $350.00 filing fee, but a decision on his *in forma pauperis* request should be left to the court in the Fort Worth Division.

State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

It appears that the events giving rise to Plaintiff's cause of action occurred in Fort Worth, and involve a defendant from Fort Worth.

The city of Fort Worth lies in Tarrant County, which is located within the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2). Because Plaintiff's claims arise out of events that occurred in Tarrant County, the Court has the authority to transfer this case for the convenience of the parties and witnesses, and in the interest of justice, to the Fort Worth Division.

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404. Under this statute the court may transfer a case upon a motion or *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). "Decisions to effect § 1404 transfers are committed to the sound discretion of the transferring judge . . . ."

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be transferred to the Fort Worth Division of the Northern District of Texas.

Signed this 16th day of April, 2008.

                                                             _____
                                                             WM. F. SANDERSON, JR.
                                                             UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.